IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY GATEWOOD, | § | |
| | § | No. 415, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1407022963 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:   October 18, 2016
Decided:     December 12, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **ORDER**

This 12th day of December 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)  The appellant, Stanley Gatewood, filed this appeal from the Superior Court's denial of his motion for correction of sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Gatewood's opening brief that his appeal is without merit.  We agree and affirm.

(2)  The record reflects that Gatewood pled guilty on May 11, 2015 to Possession of a Firearm by a Person Prohibited ("PFBPP"), Receiving a

Stolen Firearm, and Conspiracy in the Second Degree. After a presentence investigation, the Superior Court sentenced Gatewood, effective October 13, 2014, to serve a total period of twenty years at Level V incarceration, to be suspended after serving ten years in prison for decreasing levels of supervision. Gatewood did not appeal.

(3) In September 2015, Gatewood filed a motion for credit time, which the Superior Court denied. This Court affirmed the Superior Court's decision on appeal.[1] In rejecting Gatewood's claims in that appeal, we noted that Gatewood previously had been convicted of two prior violent felonies, PFBPP in 2011 and Distribution of a Controlled Substance within 300 Feet of a Church in 2010.[2] Gatewood's prior violent felony record prohibited the Superior Court from imposing any concurrent prison sentences in Gatewood's case.[3]

(4) In July 2016, Gatewood filed a motion for correction of sentence under Superior Court Rule 35(a). Gatewood argued that he did not have two predicate violent felony convictions subjecting him to an enhanced ten-year sentence for his 2015 PFBPP conviction. The Superior Court denied his motion. This appeal followed.

---

[1] *Gatewood v. State*, 2016 WL 792382 (Del. Feb. 29, 2016).
[2] *Id.* at *1 n.2. At the time of his respective prior convictions, these offenses were designated violent felonies under 11 *Del. C.* § 4201(c).
[3] *Id.* at *1 (citing 11 *Del. C.* § 3901(c)).

2

(5)     We find no merit to Gatewood's appeal.  The Court previously held in Gatewood's most recent appeal that he had been convicted of two prior felonies that, at the time of his convictions, had been designated "violent" under 11 *Del. C.* § 4201(c).[4]  We are not required to reconsider this claim simply because it has been refined or restated.[5]  Moreover, to the extent Gatewood is attempting to challenge the constitutionality of 11 *Del. C.* § 1448 or the validity of his plea agreement, he failed to raise those arguments in the Superior Court.  We will not consider those claims in the first instance.[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Id.*

[5] *Chrichlow v. State*, 2014 WL 4243629, *2 (Del. Aug. 26, 2014).

[6] Del. Supr. Ct. R. 8 (2016).